ANGELO GRANDE *vs.* BOSTON MUTUAL LIFE INSURANCE CO.

JULY 22, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit brought to recover the proceeds of an industrial life insurance policy. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. The plaintiff thereupon duly excepted to said decision and has brought his bill of exceptions to this court.

The plaintiff preserved five exceptions in his bill but has relied upon only exceptions one, four and five here, the remaining exceptions being expressly waived in his reply brief. We shall first consider exceptions one and four together, as the plaintiff has so treated them in his brief.

These two exceptions were based upon rulings by the trial justice sustaining objections of the defendant to the following questions: "To the best of your knowledge for how many years have you paid premiums on that policy?" and "With that $40.00 added to the payments appearing in the book, how many years would premiums have been paid for?" The trial justice held that these questions called for answers, in contradiction of the premium receipt book, which the plaintiff had previously put in evidence and were therefore inadmissible.

These rulings even if erroneous, which we do not decide, resulted in no prejudice to the plaintiff as he was later allowed without objection to introduce testimony tending to explain the entries in the receipt book and to show that the alleged payment of $40, acknowledged as received for

the defendant by its superintendent Horan, would, if it had been properly entered by Horan on the receipt book, have covered a period sufficient to keep the policy in force at the time of the death of the insured. While this testimony was admitted by the trial justice, he did not give it credit as proof of the contention which the plaintiff made. On the contrary he drew the inference from all the testimony before him that this alleged payment of $40 could not be deemed to cover a period different from that appearing in the book and therefore the policy had lapsed. As these rulings of the trial justice resulted in no prejudice to the plaintiff, his first and fourth exceptions are overruled.

The plaintiff's fifth exception relates to the decision of the trial justice in favor of the defendant, and under it the plaintiff contends that the trial justice clearly misconstrued the evidence and even went beyond it in reaching his decision. It is elementary, as the plaintiff asserts in his brief, that the decision of the trial justice must be based on the evidence. In this respect a decision and a verdict are alike. Each depends for its validity on some real or substantial relation to the evidence presented in the case. Neither can be sustained where it is found to be based on speculation or on a consideration of facts not present on the record. Reasonable inferences drawn from the evidence, however, are not speculation and are not beyond the scope of the evidence.

The trial justice took the view that Horan, Christiana and the plaintiff, three men fully experienced in the insurance business, all of whom were present when Horan made the entries in question in the plaintiff's receipt book, knew that these entries were being made as of May 20, and that they were so made for some purpose of their own not divulged by the testimony of the plaintiff, and apparently unknown to the company. We are of the opinion that there was evidence upon which the trial justice might reasonably base such a view.

The plaintiff had the burden of showing by a fair pre-

ponderance of the evidence that the policy was in force at the time of the death of the insured. The premium receipt book which he offered in evidence showed that the policy had lapsed. The evidence which he introduced in explanation of the entries in that book failed to convince the trial justice that the book should be construed to contain evidence of payments of premiums sufficient to cover the period necessary to keep the policy in force. The trial justice accordingly found that the plaintiff had not sustained the burden of proof and gave decision for the defendant. From our examination of the transcript and the exhibits we cannot say that his decision is clearly wrong or that it goes beyond the reasonable scope of the evidence. Plaintiff's fifth exception is therefore overruled.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Arabian, Gonnella & Barad, Aram A. Arabian, G. William Grande* for plaintiff.

*Arthur Falcone, Patrick J. Lane (of Boston),* for defendant.